# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1743 | **DATE** | 3/26/2004 |
| **CASE TITLE** | C.D.A.N.A. vs. Culligan International Company, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to remand (82-1) is granted. All pending motions are dismissed as moot. Referral to Magistrate Judge Keys is withdrawn. This case is remanded to the Superior Court of the State of California for San Bernadino County.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 29 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 93 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| CW | courtroom deputy's initials | 2004 MAR 26 PM 4:33 U.S. DISTRICT COURT CLERK | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

C.D.A.N.A., a California non-profit mutual )
benefit corporation )
)
Plaintiff, )
)
v. ) No. 03 C 1743
) Paul E. Plunkett, Senior Judge
CULLIGAN INTERNATIONAL COMPANY, )
a Delaware corporation, MICROPACK )
CORPORATION, a Delaware corporation and )
DOES 1-50 )
)
Defendants. )

**DOCKETED**

MAR 2 9 2004

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff's 28 U.S.C. §1447(c) motion to remand the action to the Superior Court of the State of California, San Bernadino County. For the reasons stated below, the motion is granted.

### Background

This is a diversity case brought by C.D.A.N.A., a non-profit trade association representing over fifty of independent Culligan International Company ("Culligan") franchisees ("Members").[1] Its general administrative services are performed by an independent contractor located in Texas and its executive offices are in California. Defendant Culligan is a Delaware corporation whose principal

---

[1] The parties disagree as to the number of franchisees represented by C.D.A.N.A.



place of business is in Illinois. Defendant Micropack Corporation ("Micropack") is a Delaware corporation whose principal place of business is in Massachusetts. C.D.A.N.A. filed this action in California state court on September 27, 2002, seeking declaratory and injunctive relief with respect to certain franchise agreements between Culligan and the Members. The case was removed to federal court in California in November 2002 and thereafter transferred to this district on Culligan's 28 U.S.C. § 1404(a) motion.

Culligan, joined by Micropack, has filed a motion to dismiss, asserting that C.D.A.N.A. lacks standing to seek declaratory relief. Culligan argues that, because C.D.A.N.A. is not a party to any contract with Culligan nor does it allege any injury to itself, the only way in which it can maintain its suit is through the concept of "associational standing," which permits representational standing under certain circumstances. *See Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 862-63 (7th Cir. 1996) (discussing requirements of associational standing). C.D.A.N.A., says Culligan, does not meet the requirements of associational standing. C.D.A.N.A. responds that it does.

C.D.A.N.A. has since filed the instant motion to remand under 28 U.S.C. § 1447(c) on the grounds that this Court lacks subject matter jurisdiction. There is no federal question involved in this action and so our jurisdiction must be based on diversity. C.D.A.N.A. says it recently became of aware of Seventh Circuit law which says that when a trade association sues as a representative of its members, the members are the real parties in interest and it is their citizenship that controls for diversity purposes. Because some of the Members are Illinois residents and Culligan is an Illinois resident, there is no complete diversity of citizenship, says C.D.A.N.A. Accordingly, this case must be remanded to the state court where it originated.

-2-

We held in abeyance our ruling on the motion to dismiss pending resolution of the motion to remand.

**Discussion**

Removal of actions from state court to federal court is governed by 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, only state court actions that could have been filed in federal district court may be removed there. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c).

Culligan does not seem to contest the lack of complete diversity between the Members and the defendants. It argues instead that associational standing is a threshold issue that can be resolved as to C.D.A.N.A., on the one hand, and Culligan and Micropack on the other hand, without exercising jurisdiction over any "non-diverse" parties because C.D.A.N.A. is a California citizen.[2] Both sides refer us to two cases, *National Ass'n of Realtors v. National Real Estate Ass'n Inc.*, 894 F.2d 937 (7th Cir. 1990) and *Gingiss Owners Ass'n Inc. v. The Gingiss Group, Inc.*, 2003 U.S. Dist. Lexis 16022 (N.D. Ill. Sept. 8, 2003), with C.D.A.N.A. arguing that the decisions in these cases are on all fours with this case and Culligan arguing that the cases are distinguishable.

---

[2] Culligan stresses the fact that C.D.A.N.A. has made this motion belatedly and argues that C.D.A.N.A. is using the "judicial process as a lever to gain tactical support" for business negotiations. (Opp'n Mot. to Remand at 2.) Subject matter jurisdiction, however, can be raised at any time and this Court cannot properly decide issues with respect to a case without it. *See Shockley v. Jones*, 823 F.2d 1068, 1073 (7th Cir. 1987) (discussing importance of federal court to determine subject matter jurisdiction)

In *National Ass'n of Realtors v. National Real Estate Ass'n Inc.* ("*NAR*"), a non-profit corporation comprised of real estate agents sued a rival trade association for fraud and unfair trade practices in connection with the sale of insurance to the plaintiff's members. Determining the plaintiff trade association members to be the real parties in interest to the suit, the Seventh Circuit looked to the citizenship of the members rather than to the citizenship of the trade association itself to determine whether complete diversity of citizenship existed. The general rule, that for purposes of diversity jurisdiction the relevant citizenship is that of the corporation (even a non-share corporation) rather than its shareholders, was inapplicable. The court explained the distinction this way:

> If the defendants had blown up NAR's corporate headquarters, or broken a contract they had with the association, the wrong would be to the association even though the loss resulting from it would be borne ultimately by [its members].

*Id.* at 939. In this case, said the court, "the members were in the front line. They received the blow."[3] *Id.* at 940. *Cf. CCC Info. Servs., Inc. v. American Salvage Pool Ass'n*, 230 F.3d 342, 347 (7th Cir. 2000) (court found *NAR* case applicable but found that, unlike in *NAR*, it was contract with plaintiff trade association that was breached, not contract with trade association's members, so citizenship of trade association informed diversity jurisdiction analysis).

In *Gingiss*, a trade association brought a diversity suit on behalf of its members stemming from the franchise agreement between Gingiss International and the trade association members. The court found the *NAR* case applicable. Looking to the "crux of the complaint," the court said that the trade association was essentially arguing breach of contract. The trade association was not a party to the franchise agreement; rather its members, the franchisees, were. It was clear to the court that the trade association was suing on behalf of its members. Finding a lack of complete diversity

---

[3] Culligan's attempts to distinguish *NAR* on the basis that, in that case, the plaintiff sought damages, is unsuccessful. The Seventh Circuit specifically stated that "the requirement [of complete diversity] is independent of the nature of the relief sought: it is as applicable to injunction cases as it is to damages cases." *National Ass'n of Realtors*, 894 F.2d at 941.

between the trade association members and the defendant, the court dismissed the complaint for lack of subject matter jurisdiction. *See Gingiss Owners Ass'n Inc.*, 2003 U.S. Dist. Lexis, at *9.

Culligan argues that neither of these cases dealt with the issue of associational standing (the subject of its motion to dismiss) and thus they do not preclude our consideration of that very limited issue. According the Culligan, deciding the issue with respect to C.D.A.N.A., a California citizen, does not implicate Members' rights "and therefore does not involve any exercise of jurisdictional authority beyond the diversity jurisdiction authorized by the Constitution." (Opp'n Mot. to Remand at 3.) Culligan urges us to consider the complaint "as drafted," see that C.D.A.N.A. is asserting its own claim and rule (in its favor, of course) on the associational standing issue.[4] We understand the distinction between the two issues, but are not persuaded by Culligan's argument that we should address the associational standing issue first. Subject matter jurisdiction should be considered early on in a case, *see United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), and we are obligated to remand a case to state court if, "at any time . . . it appears that [we lack] subject matter jurisdiction." 28 U.S.C. § 1447(c). We thus use *NAR* as a guide to determine whether we have subject matter jurisdiction.

It is clear from the complaint as drafted that C.D.A.N.A. has always been representing the interests of its Members. (Compl. ¶¶ 5, 8, 11.) The subject of the complaint is the interpretation of certain provisions of two franchise agreements and it is the Members, not C.D.A.N.A., who have

---

[4] It cites to sections of C.D.A.N.A.'s complaint where C.D.A.N.A. states, for examples, that "disputes have arisen between C.D.A.N.A. and [Culligan] regarding the interpretation of contractual rights and obligations under the [franchise agreements]" and that neither the claims nor the relief sought "requires individualized participation by [the Members]." (Compl. ¶¶ 11, 23, 29, 37, 40, 45, 51.) According to Culligan, these statements are admissions that C.D.A.N.A. is not suing on its Members' behalf but rather is asserting its own claims as the association. (Opp'n to Mot. to Remand at 2.) Culligan also questions what it calls C.D.A.N.A.'s "eleventh-hour reversal of course" – C.D.A.N.A.'s current position that its complaint actually raises individual contract issues and that the Members are the real parties in interest. Culligan interprets this position as an admission by C.D.A.N.A. that it "never had an 'association' complaint in the first place." (*Id.*)

signed the franchise agreements with Culligan. Thus, the Members are the real parties in interest.[5] Looking to their citizenship, as *NAR* instructs us to do, we find complete diversity of citizenship lacking. Some of the Members are Illinoisans, citizens of the same state as Culligan, one of the defendants. Accordingly, we do not have subject matter jurisdiction and remand the case to the court from which it originated.[6]

C.D.A.N.A. also seeks costs and expenses, including attorneys' fees, pursuant to 28 U.S.C. § 1447(c), which states in part that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The statute contains no guidelines for determining whether an award of fees is appropriate, but "cases are pretty much at one in holding that the plaintiff must show that the remand order was correct (that is, that removal was improper), but need not show that removal was in bad faith." *Sirotzky v. New York Stock Exch.*, 347 F.3d 985, 987 (7th Cir. 2003). The district court has broad discretion in deciding whether to award fees. *Id.* If removal was improper, then the plaintiff is presumptively entitled to an award of fees. *Id.*

This case does not fit neatly into the statute, however. The statute provides for the payment of just costs and actual expenses "incurred as a result of the removal." 28 U.S.C. § 1447(c). The initial removal to the United States District Court for the Central District of California was, apparently, proper; C.D.A.N.A. takes no issue with it. (Mot. to Remand at 3.) However, it is the transfer to this district, initiated by Culligan, which results in the remand. Culligan had the burden of establishing that transfer of venue under 28 U.S.C. § 1404(a) was appropriate. *See Sutherland*

---

[5] C.D.A.N.A.'s bylaws state that its purpose "is to promote its members' economic interests, educate them . . . and pursue programs on a collective basis for its members' mutual benefit." (Compl. ¶ 9.)

[6] We decline Culligan's commanding suggestion that we enter an order pursuant to which C.D.A.N.A. would be "estopped from claiming that it has associational standing to seek relief with respect to what it now concedes were always individual claims." (Opp'n Mot. to Remand at 9.) As stated above, we do not believe C.D.A.N.A. has taken inconsistent positions throughout the litigation thus far with respect to the claims it is bringing. Moreover, in remanding this case to state court, C.D.A.N.A. is not "preserving its ability to start all over again in a California state court" as Culligan claims. (*Id.*) C.D.A.N.A. filed its complaint originally in California state court; it was only through the removal to federal court and transfer to this district, in each case initiated by Culligan, that the case finds itself here.

*v. Cybergenics Corp.*, 907 F. Supp. 1218, 1223 (N.D. Ill. 1995). C.D.A.N.A. should have raised its jurisdictional argument at that time, but jurisdictional issues are open to consideration at any time. Fed. R. Civ. P. 12(h).

In keeping with the purpose of the fee-shifting rules, however, we believe it is appropriate to award fees under section 1447(c) in this case. *See Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 367-68 (7th Cir. 2000) (discussing rationale of fee-shifting rules and stating when "adversary wrongfully drags [a party] into a second judicial system the loser must expect to cover the incremental costs") (internal quotation and citation omitted). Section 1447(c) contemplates the recovery of expenses associated with a motion to remand, which is what is before us now. C.D.A.N.A.'s recovery under section 1447(c) is limited, however, to "actual" expenses "incurred." C.D.A.N.A. may submit evidence to support its request for expenses associated with its motion to remand only; we presume many of C.D.A.N.A.'s expenses associated with litigating in federal court would have been incurred had the case remained in federal court in California. The Court will set a briefing schedule on this matter under separate Order. *Id.* at 365 (district court can retain jurisdiction to consider collateral matters after remand to state court).

### Conclusion

For the reasons stated above, C.D.A.N.A.'s motion to remand is granted. The clerk of the court is directed to remand this action to the Superior Court of the State of California for San Bernadino County. All pending motions are dismissed as moot.

**ENTER:**

UNITED STATES DISTRICT JUDGE
PAUL E. PLUNKETT

DATED: MAR 26 2004