# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1743 | **DATE** | 7/9/2004 |
| **CASE TITLE** | C.D.A.N.A. Vs. Culligan International Company, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff is awarded costs and expenses under 28 U.S.C. § 1447(c) in the amount of $12,596.18. Defendant Culligan International Company is ordered to pay the total amount of $12,596.18.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | JUL 1 2 2004 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | 99 |
| | Mail AO 450 form. | | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2004 JUL -9 PM 4:47 | date mailed notice | |
| CW6 | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

C.D.A.N.A., a California non-profit mutual )
benefit corporation )
)
Plaintiff, )
)
v. ) No. 03 C 1743
) Paul E. Plunkett, Senior Judge
CULLIGAN INTERNATIONAL COMPANY, )
a Delaware corporation, MICROPACK )
CORPORATION, a Delaware corporation and )
DOES 1-50 )
)
Defendants. )

MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff's application for costs and expenses under 28 U.S.C. § 1447(c). For the following reasons, plaintiff may recover costs and expenses in the total amount of $12,596.18.[1]

Discussion

Defendant, Culligan, removed this case from California state court. The case was then transferred here through defendant's motion to transfer. Plaintiff filed a motion to remand under 28 U.S.C. § 1447(c) on the grounds that we lack subject matter jurisdiction. We granted plaintiff's motion to remand and awarded it costs and expenses, including attorney fees, but we limited those

---

[1] Micropack Corporation ("Micropack") is named as a defendant in this action. However, the court's electronic docket reflects that Micropack did not join in Culligan's motion to transfer nor did it join in Culligan's opposition to plaintiff's motion to remand. Thus, we do not award plaintiff any costs and expenses as against Micropack.

costs and expenses to those associated with the motion to remand. *See C.D.A.N.A. v. Culligan Int'l Co.*, No. 03-C1743 (N.D. Ill. Mar. 26, 2004) ("March 26 Order"). Presently pending is plaintiff's application for costs and expenses, or "fee petition."

Plaintiff seeks $69,652.27 in costs and expenses. It breaks down the total amount into the following categories: (A) motion to remand and supporting brief: 21.6 attorney hours representing $3,917.50; $85.82 in on-line research charges and $215.75 for telephone, fax and postage charges for a total of $4,219.07; (B) reply in support of motion to remand and supporting brief: 27.1 attorney hours representing $3,945.00; $1,545.86 in charges from local counsel and $526.75 in telephone, fax and postage charges for a total of $6,017.61; (C) fee petition: 28.2 attorney hours representing $5,170.00.

Plaintiff also seeks expenses incurred as a result of the motion to transfer: (D) opposition to defendant's motion to transfer: 246.5 attorney hours representing $47,824.54 and (E) incremental costs associated with litigation in federal court in the Northern District of Illinois: 11.9[2] attorney hours representing $2,944.50; $50.00 for an application to appear pro hac vice, $640.21 for travel costs and $2,786.34 in charges from local counsel for a total of $6,421.05.

Defendant has a number of objections. It objects completely to the $5,170.00 incurred in preparing this fee petition. It also says that the amounts requested for both the motion to remand and the reply are excessive. Defendant asserts that a total of $8,000.00 for both the motion and reply would be reasonable instead of the $10,236.68 currently requested. Defendant also objects altogether to the additional $54,245.59 (categories D and E) incurred in connection with the motion to transfer.

---

[2] Plaintiff's application contains a calculation error.

We turn first to the fees requested in connection with the motion to transfer, including incremental costs (categories D and E). Plaintiff admits that in our March 26 Order, we limited its recovery to costs and expenses incurred in connection with the motion to remand only. It asks that we interpret that Order to include the transfer-related expenses. According to plaintiff, "the costs of opposing the motion to transfer are associated with the Motion to Remand because, absent the improper removal, these expenses would not have been incurred." (Brief in Supp. of Fee Pet. at 6.) To deny it costs associated with opposing the motion to transfer, plaintiff says, would preclude it from "recovering expenses 'incurred as a result of the removal' under section 1447(c), and would reward Culligan's failure to investigate the applicable law." (*Id.*)

We do not agree that awarding fees in connection with the motion to transfer are warranted. Plaintiff focuses a great deal on what it calls the "improper removal" of this case to federal court. However, plaintiff has not demonstrated that it was unreasonable to remove this case to federal district court in the Ninth Circuit. The issue is whether the federal court in California would have looked to the association's members to determine whether diversity of citizenship (and thus subject matter jurisdiction) exists.[3] In its motion to remand, plaintiff said that "At the time that this case was removed, [its] attorneys were unaware of the rule attributing citizenship to the association's members for diversity jurisdiction. This issue has not yet been addressed by the [Ninth] Circuit." (Mot. to Remand at 3.) This statement seems to suggest that it was not readily apparent that removal to federal court could not be effected. Plaintiff goes on to say that its counsel did not research

---

[3] We said in our March 26 Order that, in this case, the Seventh Circuit would require us to look to the citizenship of the association's members, rather than to the citizenship of the association itself, to determine whether diversity of citizenship exists. *See C.D.A.N.A. v. Culligan Int'n'l Co.*, No. 03-C1743, at 4 (N.D. Ill. Mar. 26, 2004).

Seventh Circuit law on this point because the case was being removed to a federal court in California. *Id.*

In its brief in support of its fee application, however, plaintiff characterizes the Ninth Circuit's position on this issue differently, implying that it was obvious that the federal court in California would have followed the Seventh Circuit on this point, and cites to two cases in support.[4] According to plaintiff, "there would be no support whatsoever if Culligan takes the position that the initial removal could somehow have been proper." (Brief in Supp. of Fee Pet. at 5 n.1.) Although the question of subject matter jurisdiction can be raised at any time, we question why plaintiff faults defendant's counsel, who, plaintiff points out, practices in the Seventh Circuit, for not being aware of the Seventh Circuit rule (which was more relevant for the motion to transfer), but does not explain why its own "California counsel" failed to raise sooner the jurisdictional problem if it should have been obvious to defendant that the initial removal to federal court in California was improper. (Brief in Supp. of Fee Pet. at 5 n.1.)

We also find relevant the fact that defendant was advocating that we address the issue of associational standing before focusing on subject matter jurisdiction.[5] It argued that deciding whether plaintiff had associational standing to bring its claims would not raise any jurisdictional issues because plaintiff, as an association, and defendant were diverse. Although we found that

---

[4] In both *Strotek Corp. v. Air Transport Assoc. of America*, 300 F.3d 1129 (9th Cir. 2002) and *Zee Med. Distrib. Assoc., Inc. v. Zee Med., Inc.*, 23 F. Supp. 2d 1151 (N.D. Cal. 1998), each court's approach to diversity of citizenship when suits are brought by unincorporated associations was consistent with that taken by the Seventh Circuit. However, the Seventh Circuit, and these two courts, recognize that an inquiry must be made into whether it is the association or its members that has a stake in the outcome. *See National Ass'n of Realtors v. National Real Estate Ass'n Inc.*, 894 F.2d 937, 939 (7th Cir. 1990).

[5] It is reasonable to assume that defendant would have made the same argument in federal court in California had the case not been transferred to this district.

-4-

subject matter jurisdiction should be addressed before the associational standing issue, we did not find defendant's position wholly without merit. *Cf. Doyle v. Blue Cross Blue Shield of Illinois*, 149 F. Supp. 2d 427, 437 (N.D. Ill. 2001) (declining to award fees under § 1447(c), even though bad faith no longer a prerequisite, because defendant's attempts to remove the case involved issues of law unsettled in the Seventh Circuit).

Based on the above, we do not find that the fees plaintiff incurred in opposing defendant's motion to transfer were a direct result of an improper removal. An award under § 1447(c) is subject to a court's discretion, and we decline to award plaintiff the transfer-related costs and expenses under these circumstances. *See Sirotsky v. New York Stock Exch.*, 347 F.3d 985, 987 (7th Cir. 2003) (discussing award of fees under 28 U.S.C. § 1447(c) and noting that district court has broad discretion in deciding whether to award fees).

This now brings us back to the costs and expenses associated with the motion to remand and reply. As for the motion to remand, defendant contests the 6.7 hours of attorney time spent in part on what it calls "non-recoverable items" such as a substitution of attorneys and internal administration. It also contests the telephone and postage charges, which it says plaintiff has increased by a flat percentage. We find the description of the 6.7 hours reasonable and we will grant plaintiff's request for all of its attorney time and its on-line legal research costs. We agree with defendant, however, that it should not be charged for plaintiff's "telephone, fax, postage, etc. (5%)" costs, which plaintiff asserts amounts to $215.75. Section 1447(c) provides for recovery of "actual expenses" and plaintiff has not given us any documentation to show that the "telephone, fax, postage, etc." charges were actually incurred and has not provided a break-down of charges for each category. *See Golden v. Hotyellow98.com, Inc.*, No. 01-C1094, 2003 WL 1394507, at *2 (N.D. Ill. Mar. 19,

2003). In connection with the motion to remand, we award plaintiff $4,003.32 ($4,219.07 (initial request) minus $215.75).

Defendant has similar objections to the fees plaintiff requests for the reply brief. For the reasons stated above, we reject plaintiff's request for $450.75 ($204.25 and $246.50) in telephone, fax, and postage charges. Not only is the description inadequate, but none of the attorney time entries account for any telephone conversations.[6] Similarly, the express mail charges ($76.00 in total) are not properly supported. However, we do not agree with defendant that charges related to local counsel's appearance before Magistrate Judge Keys should be subtracted. This case was referred to Magistrate Judge Keys during our absence while the motion to remand was being briefed. Certain issues relating to the motion to remand were appropriately before Magistrate Judge Keys and local counsel did not spend an unreasonable amount of time for activities relating to appearances before him.

Defendant believes that plaintiff spent too many attorney hours on the reply brief, but we will not reduce those hours. Defendant raised the issue of associational standing in its response brief, arguing that deciding that issue with respect to plaintiff would not involve an exercise of jurisdiction outside of the limits established by 28 U.S.C. § 1332. In its reply, plaintiff had to address these arguments. Plaintiff has provided a description of the work performed on the reply brief and the hours expended. We find these descriptions adequate. *See Carlyle Plaza Corp. v. Wal-Mart Stores, Inc.*, No. 88-C10623, 1989 WL 158002 (N.D. Ill. Dec. 22, 1989) (discussing fee petition requirements).

---

[6] In contrast, attorney time entries (1/13/04 and 1/14/04) for the motion to remand do account for telephone conversations.

We now come to the amount spent on preparing the fee petition itself (category C). It is customary to allow a party to recover the amount spent on the fee petition under § 1447(c). *See id.*, at * 2; *Weigand v. Paul Revere Life Ins. Co.*, No. 97-C8880, 1998 WL 456539, at *2 (N.D. Ill. July 31, 1998). However, in light of plaintiff's partial success on the fee request, we will not award it all of its requested fees under this category. *See Weigand*, 1998 WL 456539, at * 2 (reducing fees relating to fee petition to account for parts of fee petition that were denied). It is reasonable to assume that a good portion of the total hours spent on the fee petition (over 28 hours in total) was spent on arguments to recover fees for categories D and E, which we will not award. *See supra.* Accordingly, we reduce by forty percent (representing the two categories of fees denied) the amount of fees requested for work on the fee petition. *See Weigand*, 1998 WL 456538, at *2 (reducing amount spent on fee petition by twenty-five percent to account for time spent on improvidently claimed fees; amount for fee petition accounted for thirty-six percent of total awarded); *Carlyle Plaza Corp.*, 1989 WL 158002, at *2 (reducing by one-half amount spent on fee petition because original amount appeared to be excessive; amount for fee petition accounted for approximately seven percent of total awarded).

The costs and expenses to be awarded in each category are as follows:

| | |
|---|---|
| Category A (Motion to Remand) | $4,003.32 |
| Category B (Reply Brief) | $5,490.86 |
| Category C (Fee Petition) | $3,102.00 |
| Category E (Opposition to Motion to Transfer) | $0.00 |
| Category F (Incremental Costs) | $0.00 |
| **Total** | **$12,596.18** |

## Conclusion

For the reasons stated above, plaintiff is awarded, and defendant Culligan is ordered to pay, $12,596.18 in costs and expenses under 28 U.S.C. § 1447(c).

**ENTER:**

UNITED STATES DISTRICT JUDGE
**PAUL E. PLUNKETT**

DATED: **JUL 9 2004**